UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD BYRON CLEMONS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:22-CV-158-SRW |
| MICHELLE BASHAM, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. The complaint filed in this action purports to be brought by three prisoner Plaintiffs: Reginald Byron Clemons, Steven Stafford, and Wendell Harris. ECF No. 1 at 1.  Plaintiffs bring this action under 42 U.S.C. § 1983 against three Missouri Department of Corrections employees at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"): Michelle Basham, Carl Hart, and Mike Miller. *Id.* at 1; ECF No. 1-1 at 18-19.  The allegations of the complaint pertain to an incident that occurred at ERDCC in February 2021.  ECF No. 1 at 1.  Plaintiffs Stafford and Harris appear to still be incarcerated at ERDCC; however, Plaintiff Clemons is currently confined at Jefferson City Correctional Center. *Id.* at 1-3.  Despite being brought jointly, only Plaintiff Clemons has signed the complaint[1] and filed a motion for leave to proceed *in forma pauperis*.  ECF Nos. 1 at 4, 2.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure.[2]  *See, e.g., Georgeoff v. Barnes*, No. 2:09-CV-

---

[1] Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed … by the party personally if the party is unrepresented."

[2] Rule 20(a)(1) allows permissive joinder of plaintiffs in one action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009).  There are several reasons for this.  First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  Multiple filing fees cannot be collected for one case filed by multiple plaintiffs.  Thus, the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple-plaintiff case subject to the PLRA.  *See* 28 U.S.C. § 1914.  Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20.  *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Second, courts have noted "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20."  *Hagwood v. Warden*, No. 08-6010 (RBK), 2009 WL 427396, at *2 (D. N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult.  A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Id.* (quoting *Swenson v. MacDonald*, No. CV 05-93-GF-CSO, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006)).

Third, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed.  Prisoners may not circumvent the PLRA penalties associated with filing frivolous actions by joining claims under Rule 20.

---

transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

2

For these reasons, the Court will not allow Plaintiffs to proceed jointly in this action. Because Plaintiff Clemons signed the complaint and filed a motion for leave to proceed *in forma pauperis*, the Court will strike the two other plaintiffs from this case (Stafford and Harris) and order the Clerk to open new cases for them. Nothing in this Memorandum and Order should be construed as precluding the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date. Once Plaintiffs Stafford and Harris are stricken from this case, this matter will proceed with named Plaintiff Reginald Byron Clemons only.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to **STRIKE** Plaintiffs Steven Stafford and Wendell Harris from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant matter [ECF No. 1], the Clerk shall open a new prisoner civil rights case for each of the two stricken Plaintiffs: Steven Stafford and Wendell Harris.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of this Memorandum and Order in each new case.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2022.