# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

WENDELL HARRIS,            )
                          )
              Plaintiff,     )
                          )
        v.              )          No. 4:22-CV-179 PLC
                          )
MICHELLE BASHAM, et al.,    )
                          )
            Defendants.   )

## MEMORANDUM AND ORDER

This matter is before the Court on the filing of a 42 U.S.C. § 1983 complaint purportedly by inmate Wendell Harris and two other self-represented prisoners.  For the reasons discussed below, Plaintiff Harris is directed to either file an application for leave to proceed *in forma pauperis* or pay the full $402 filing fee.  Plaintiff is also directed to file a signed, amended complaint on a Court-provided form.

### Background

On January 28, 2022, Reginald Byron Clemons filed a civil rights action in the United States District Court for the Western District of Missouri on behalf of himself and two other inmates, against three employees at the Eastern Reception Diagnostic and Correctional Center. The case was transferred to this district court on February 9, 2022.  *See Clemons v. Basham*, No. 4:22-CV-158-SRW (E.D. Mo.).[1]  Because multiple prisoners may not join together in a single lawsuit, the Court severed the additional plaintiffs from Mr. Clemons's action.  *See, e.g., Georgeoff v. Barnes*, No. 2:09-CV-14-ERW, ECF No. 10 (E.D. Mo.); Fed. R. Civ. P. 20.  Thus, this action

---

[1] Mr. Clemons was the only plaintiff to sign the complaint, and he was the only plaintiff to submit a motion to proceed *in forma pauperis* in the case.

was opened on behalf of Plaintiff Wendell Harris on February 14, 2022.  *See Clemons*, No. 4:22-CV-158-SRW, ECF No. 7.

**Discussion**

Local Rule 2.01(B) of this Court authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis."  "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court.  The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A).  Also, the Clerk can return any complaint submitted for filing *in forma pauperis* that is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a).  E.D. Mo. L.R. 2.05(C).  Under 28 U.S.C. § 1915(a)(1), the affidavit should include "a statement of all assets."

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).  Determining whether to grant or deny *in forma pauperis* status under § 1915 is within the sound discretion of the trial court.  *Lee*, 231 F.3d at 458.

In this case, Plaintiff has neither paid the filing fee nor filed a motion to proceed *in forma pauperis*.  Because Plaintiff is currently incarcerated, he must also provide the Court with a

2

certified prison account statement setting forth the past six months of activity on his prison account, prior to filing the complaint.

Furthermore, the original complaint filed in this matter was not signed by Plaintiff Harris and it does not include his own claims for relief.  Federal and Local Rules require that a self-represented Plaintiff sign all pleadings.  *See* Fed. R. Civ. P. 11(a); E.D. Mo. L.R. 2.01(A)(1).  Therefore, Plaintiff is directed to file an amended complaint on a Court-provided form.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Plaintiff is given thirty (30) days in which to comply with this Order.  Failure to submit an amended complaint on a Court-provided form, and to either pay the $402 filing fee or file a motion to proceed *in forma pauperis* accompanied by an account statement, will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff blank copies of the Court's "Prisoner Civil Rights Complaint" and "Application to Proceed in District Court without Prepaying Fees or Costs" forms.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $402 filing fee or file an application to proceed without prepayment within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff files an application to proceed without prepayment, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

3

**IT IS FINALLY ORDERED** that if Plaintiff fails to timely comply with this Order, the

Court will dismiss this action without prejudice and without further notice.

_____

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of February, 2022

4