# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WENDELL HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-179 JAR |
| ) | |
| MICHELLE BASHAM, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On February 23, 2022, the Court ordered self-represented Plaintiff Wendell Harris to file either an application for leave to proceed *in forma pauperis* or to pay the full $402 filing fee. In the same Order, the Court directed Plaintiff to file a signed amended complaint on a Court-provided form. Plaintiff's response was due to the Court by March 25, 2022. *See* ECF No. 4. The Court received a signed, amended complaint from Plaintiff on March 24. *See* ECF No. 6. However, Plaintiff did not file an application to proceed *in forma pauperis* or pay the filing fee. As a result, the Court issued an Order on April 4, 2022, giving Plaintiff another fourteen (14) days to file either an application to proceed *in forma pauperis* or to pay the full filing fee. *See* ECF No. 7. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of his case without further notice. Plaintiff's response was due by April 18, 2022.

To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1). Plaintiff had neither paid the filing fee nor

submitted a motion to proceed without prepayment. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's Orders of February 23 and April 4, 2022, and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of May, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE